DOUGHERTY v. STEWART.

1. **Evidence:** DAMAGES: SPECIFIC ITEMS. Upon a question of damages, where the injury complained of consists of distinct elements, it is not competent to ask a witness to make a general estimate of the damages, but he should be asked to estimate the specific items separately.

2. ———: ———: PLEADING. Where an award is not pleaded, a written estimate of the loss made prior to the commencement of the suit cannot be introduced in evidence.

*Appeal from Polk Circuit Court.*

SATURDAY, JUNE 17.

THE plaintiff claims of defendant a balance due of one hundred and thirty dollars, on a written contract for furnishing brick, and digging and walling two cellars. The defendant, by an amended answer and cross-claim alleges, in substance, that on the 16th day of October, 1868, he leased to plaintiff a certain house and lot in the city of Des Moines for six months; that by the terms of said lease, which was in writing, plaintiff was to pay all damages done or suffered to be done said house and lot during his tenancy over and above ordinary and reasonable use; and that plaintiff damaged said premises, by the careless and negligent use thereof, to the amount of one hundred dollars, which amount he asks may be deducted from plaintiff's claim for constructing said cellars.

That part of said lease which provides for damages is as follows: " The said Dougherty to deliver up to W. R. Stewart, or his assigns, the property in as good order as when he and his wife took possession thereof, natural wear excepted, or pay damages; all damages that D. Norris and Isaac W. Griffith may say said property suffers in any way by his family occupying the same, until his time is out."

The said lease was signed by the plaintiff but not signed by the defendant. There was a trial by jury; verdict and judgment for the plaintiff for $125, and defendant appeals.

*Phillips & Phillips,* for appellant.

*McHenry & Bowen*, for appellee.

ROTHROCK, J.—Pending the trial the defendant introduced D. Norris as a witness, and asked him the following question: "State your opinion as to the amount of damage done to those premises while they were occupied by Mr. Dougherty?" Objection being made to this question, the court stated to the witness: "You will have to state the items of damage. It would not be competent for you to sum up the amount of damage; that will be for the jury. Just take the particular items and state that the damage is so much. Take the door, and pump, and so on." The witness, after stating that there might be some damage which he could not recollect, proceeded to state what items he could recollect, making an aggregate to the amount of $30 or $40.

The defendant then called I. W. Griffith, who was one of the parties named in the lease, (the said D. Norris being the other party named therein), who testified that he was requested by the defendant to examine the premises with a view to ascertaining the damages; and his attention was called by counsel to a written assessment of damages made by himself and said D. Norris, and he was asked to explain the difference between the damages that he assessed at the time he examined the premises and the amount he stated on the trial. This was objected to, and objection sustained. The defendant then offered in evidence the said written assessment made by Norris and Griffith, in which the damages are fixed at one hundred dollars, generally, without specifying what particular damage was done or taken into account. The introduction of this paper was objected to, and the objection sustained. To all this action of the court proper exceptions were taken by the defendant.

I. There was no error in the refusal of the court to allow the witnesses to state generally the amount of damages done to the house and lot. The witness, Norris, was asked the general question as to the amount of damages, without first showing by him or any one else, so far as we are advised, that any damage whatever was done or suffered.

1. EVIDENCE: damages: specific items.

The question then was an unwarranted assumption, not competent in any view that may be taken of the case. The witness should have first stated, not only that there were damages to the property, but in what particulars. It is sometimes allowed a witness, after stating that damages exist and the particular items thereof, to make a general estimate of amount, leaving the cross-examination to develop how much the witness affixes to each item. In this case this was not done, and the court properly held that the witness must state the items of damage. And it is proper to say that injuries to a house and lot are not in their nature such an entirety as to be incapable of separate consideration.

II. The question asked the witness, Griffith, having reference to the written estimate made by himself and Norris, and 2. ——: ——: the offer to introduce the said writing in evidence, pleading. are both of the same character and present the same question, that is, was this written estimate of damages competent evidence? It will be observed that the defendant does not plead it as an award; that it is no where referred to in his answer; that before attempting to introduce it in evidence he called the parties who made it as witnesses to prove the damages. In this state of the case there was no error in refusing to allow the writing in evidence. It is enough to say that, if an award be relied on, it must be pleaded. As this disposes of the point made upon the writing in question, it is unnecessary to determine what its effect would be as an award in a proper case made.

                                                        AFFIRMED.